IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:13CV189 KS-MTP |
| v. | ) ) | C O M P L A I N T |
| VICKSBURG HEALTHCARE, LLC AND COMMUNITY HEALTH SYSTEMS, INC. D/B/A RIVER REGION MEDICAL CENTER | ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, against Defendants, Vicksburg Healthcare, LLC and Community Health Systems, Inc. d/b/a River Region Medical Center (hereinafter "Defendants" or "River Region"). All references herein to the ADA include the Americans with Disabilities Act Amendments Act of 2008. The actions at issue occurred after January 1, 2009.

This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Beatrice Chambers ("Chambers"

1

or "Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC," or the "Commission") alleges Defendants refused to provide Chambers with a reasonable accommodation of her disability and discharged her because of her disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## JURISDICTION AND VENUE

1. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

2. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

3. At all relevant times, Vicksburg Healthcare, LLC (the "Employer" or "Defendant") has continuously been a Delaware limited liability company doing business as River Region Medical Center ("River Region") in the State of

Mississippi, and in the City of Vicksburg, and has continuously had at least 15 employees.

4. At all relevant times, Community Health Systems, Inc. (the "Employer" or "Defendant") has continuously been a Delaware corporation doing business as River Region Medical Center ("River Region") in the State of Mississippi, and in the City of Vicksburg, and has continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendants have been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## COUNT I
**(Reasonable Accommodation)**

7. More than thirty days prior to the institution of this lawsuit, Chambers filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times relevant to the events alleged in this complaint, Chambers was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of the job of Licensed-Practical Nurse [LPN] for Defendants. She had been performing the job successfully for more than 30 years prior to her discharge.

9. At all times relevant to the events alleged in this complaint, Chambers had physical impairments which substantially limited one or more major life activities, including her musculoskeletal functions, lifting and performing manual tasks.

10. In July 2011, Chambers sought and was approved for leave from work to have surgery on her shoulder. Chambers was approved for sick leave beginning July 21, 2011 and ending October 28, 2011.

11. On September 30, 2011, Defendants' Human Resources Department sent Chambers a letter advising that the approved leave would now expire on October 12, 2011. Defendants invited Chambers to request general medical leave. Defendants cautioned that even if general medical leave was approved, Defendants had no obligation to rehire Chambers, or guarantee that she would be returned to a particular job or to a position of equal status.

12. During her period of approved leave, Chambers received a Certificate to Return to Work from her physician which prescribed that she could return to

work but was required to limit use of her left arm, perform only light duty work, and limit pushing, pulling and lifting to less than ten (10) pounds. Simultaneously, the physician continued Chambers on physical therapy services.

13.   In early October, 2011, Chambers requested a reasonable accommodation from Defendants that was consistent with the advice of her physical therapist and physician. Chambers stated a preference for the accommodations of extended sick leave, general medical leave or light duty and provided Defendants with the supporting paperwork completed by her physician.

14.   Defendants refused to approve Chambers' request for any accommodation and instead claimed to abide by its FMLA policy allowing no more than 12 weeks of leave without loss of status. Defendants did not engage Chambers in an interactive process about her leave request.

15.   Defendants totally denied Chambers' accommodation request and instead, notified Chambers by phone that she would not be permitted to return to work and that Defendants had already hired someone to replace her.

16.   Defendants' refusal to provide Chambers with a reasonable accommodation of her disability, including the failure to engage in the interactive process because of her disability, constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## COUNT II
### (Termination)

17. Plaintiff realleges and incorporates by reference paragraphs seven (7) through sixteen (16) herein.

18. On or about October 14, 2011, Defendants engaged in unlawful employment practices at their Vicksburg, Mississippi facility, by intentionally discharging Chambers because of her disability in violation of the Act. 42 U.S.C. §12112(a).

19. Defendants terminated Chambers after nearly 36 years of employment on October 14, 2011 because Chambers was disabled.

20. Defendants assert that in keeping with its policy, they were under no obligation to maintain Chambers' employment beyond 12 weeks. Having received 12 weeks of leave, Defendants notified Chambers that her employment was terminated effective October 14, 2011.

20. Defendants treated similarly situated non-disabled employees more favorably and allowed leave and light duty work for other non-disabled employees.

21. Defendants in considering the request for accommodation and termination utilized standards, criteria, or methods of administration in their FMLA policy that had the effect of discrimination on the basis of disability; or that perpetuated the discrimination of others who are subject to common administrative control.

22. Defendants' termination of Chambers' employment because of her disability constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(3) and (5)(A).

## ADDITIONAL ALLEGATIONS

23. The effect of the practices complained of in Paragraphs 7 through 22 has been to deprive Chambers of equal employment opportunities and otherwise adversely affect her status as an employee because of his disability.

24. The unlawful employment practices complained of in Paragraphs 7 through 22 were intentional.

25. The unlawful employment practices complained of in Paragraphs 7 through 22 were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to reasonably accommodate disabled employees and from discharging employees because they are disabled.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals

with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendants to make whole Chambers by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendants to make whole Chambers by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in paragraphs 7 through 25 above, in amounts to be determined at trial.

    E.    Order Defendants to make whole Chambers by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 25 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendants to pay Chambers punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

    G.    Order Defendants to provide Chambers appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

<div style="margin-left: 40%;">

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

*Harriett F. Johnson*
Harriett F. Johnson (MS 103149)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Jackson Area Office
Dr. A. H. McCoy Federal Building
100 W. Capital Street, Suite 338
Jackson, Mississippi 39269
Tel: (601) 948-8454
Fax: (601) 948-8401
harriett.johnson@eeoc.gov

</div>

C. Emanuel Smith (MS 7473)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

Julie Bean (DC 433292)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2067
Fax: (205) 212-2041
julie.bean@eeoc.gov

Steven L. Murray (DC 379955)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2043
Fax: (205) 212-2041
steven.murray@eeoc.gov