IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**                                    **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:13cv895-KS-MTP**

**VICKSBURG HEALTHCARE, LLC**
**D/B/A RIVER REGION MEDICAL CENTER**                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Vicksburg Healthcare, LLC 's (VHL's) Motion for Summary Judgment [105] and the EEOC's Motion to Strike Certain Portions of Defendant's Reply [116]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that both the EEOC's Motion to Strike Certain Portions of Defendant's Reply [116] and VHL's Motion for Summary Judgment [105] should be granted .

## BACKGROUND

On September 30, 2013, the Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action on behalf of Beatrice Chambers ("Chambers"), alleging discrimination in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12111 *et seq.* ("ADA"). (*See* Complaint [1].) The Complaint names Community Health Systems, Inc., and Vicksburg Healthcare, LLC ("VHL") as Defendants, asserting both have been continuously doing business as River Region Medical Center ("River Region") in Vicksburg, Mississippi, at all times relevant to the Complaint. Community Health Systems, Inc., has since been dismissed from the suit for want of personal jurisdiction. (*See* Order on Motion to Dismiss [47].) The EEOC

alleges that Chambers was employed as a nurse at River Region and that VHL terminated her employment because of her disability and failed to provide her with a reasonable accommodation in violation of 42 U.S.C. § 12112(a) and (b)(5)(A) of the ADA.

Chambers began working at the Vicksburg hospital now known as River Region in August 1975. (*See* Performance Evaluations [105-1].) From 2007 until 2011, Chambers worked as an LPN/Tech in the GI Lab of River Region. (*See* Chambers Deposition [111-1] at 73:23-74:11.) Chambers requested and was granted leave under the Family and Medical Leave Act ("FMLA") beginning July 21, 2001, in order to have rotator cuff surgery on her left shoulder. (*See* U.S. Dept. of Labor Certification [105-5]; Employee Activity Request Form [105-].) Her FMLA leave was set to expire on October 12, 2011. (*See* Sept. River Region Letter [105-7].)

After being told she had to return to work on October 13 and having been denied additional medical leave, Chambers received a note from her physician, Dr. William C. Porter, releasing her to return to work on October 13, limiting her to "light work." (*See* Chambers Deposition [111-1] at 185:20-186:8; Certificate to Return to Work [105-8].) On October 12, Chambers was informed that she was terminated and that her previous position had already been filled.(*See* Chambers Deposition [111-1] at 221:4-17.)

On October 14, Porter filled out and signed a disability claim form from Chambers' insurer, stating that Chambers suffered from a "temporary total disability" and that her recovery date was "unknown." (*See* Disability Claim Form [105-20].) Chambers received and reviewed this form without disagreement before sending it to her insurer. (*See* Chambers Deposition Vol. II [105-21] at 330:13-331:5.)

VHL filed its Motion for Summary Judgment [105] on May 29, 2015, advancing multiple arguments against the EEOC's ability to prove the prima facie case of its ADA claim.  Specifically, VHL claims that the EEOC cannot prove Chambers was a "qualified individual" within the meaning of the ADA, nor can it prove she was terminated because of her disability.  The EEOC responded on June 15, 2015, after which VHL submitted its Rebuttal [115] on June 22, 2015.

In response to VHL's Rebuttal [115], the EEOC filed its Motion to Strike [116] on June 26, 2015, claiming that VHL introduced new evidence and arguments for the first time in its Rebuttal [115].  Specifically, the EEOC wants the notes from Bruce Brawner and the argument that the Court's inquiry should be limited to be struck from VHL's Rebuttal [115].

Both motions have been fully briefed and the Court is ready to rule.

## DISCUSSION

**I.      Motion to Strike [116]**

Turning first to the Motion to Strike [116], the EEOC objects to VHL's introduction of new evidence in the form of notes from Chambers vocational rehabilitation expert, Bruce Brawner, as well as VHL's argument that the Court should limit its inquiry to the reasonableness of Chambers' request for sick leave.  Both the evidence and the argument were introduced for the first time in VHL's reply brief.  In such a case, the Fifth Circuit has said that a district court has discretion to rely on new evidence and arguments presented for the first time in a reply brief, but must "give the non-movant an adequate opportunity to respond prior to ruling."  *Vais Arms, Inc. v. Vai*, 383 F.3d 287,

292 (5th Cir. 2004) (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003). Because neither Brawner's notes nor VHL's argument for limited inquiry are used to reach its ultimate decision on VHL's Motion for Summary Judgment [105], the Court declines to exercise its discretion to consider these portions of VHL's reply and therefore grants the EEOC's Motion to Strike [116].

II.     **Motion for Summary Judgment [105]**

   A.     **Standard of Review**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v.*

*Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

    **B.**    **Analysis**

Under the ADA, employers are not allowed to discriminate against a "qualified individual with a disability on the basis of that disability."  42 U.S.C. § 12112(a).  Both Plaintiff's discriminatory termination and failure to accommodate claims fall under this section of the ADA.  For such claims, the Fifth Circuit has held that "a prima facie case of discrimination plus a showing that the proffered reason [for the employer's actions] is pretextual is typically enough to survive summary judgment."  *LHC Grp.*, 773 F.3d at 693.

  "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove:  (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability."  *LHC Grp.*,

773 F.3d at 696 (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)) (alternation in original).  VHL has put forth no argument and adduced no evidence that the EEOC cannot prove that Chambers did not have a disability in satisfaction of the first prong of this test.  The Court's analysis, then, is limited to VHL's arguments against Chambers' qualification for the job and the EEOC's assertion that Chambers' disability caused her to suffer an adverse employment decision.  Because the Court finds that the EEOC has not met its burden in establishing that Chambers was a qualified individual within the meaning of the ADA, it is unnecessary to discuss the final prong of the *Zenor* analysis.

To meet the qualification element of its ADA claims, the EEOC must show that either Chambers could perform the essential functions of her job despite her disability or that a reasonable accommodation would have enabled her to do so.  *LHC Grp.*, 773 F.3d at 697.  VHL contends that Chambers was not qualified for work as of October 14, 2011, because she applied for disability benefits from her insurance provider on or around that date, with her doctor claiming that she was "temporarily totally disab[led]" for an indefinite period.  (*See* Disability Claim Form [105-20].)  Because the Court finds that this fact precludes Chambers from now arguing she was qualified to perform her job absent sufficient explanation, it is unnecessary to entertain the other arguments advanced by VHL.

The Supreme Court has held that an ADA plaintiff cannot ignore a contradiction arising out of a claim for total disability benefits. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S. Ct. 1597, 1603, 143 L. Ed. 2d 966 (1999).  Instead, "[w]hen faced with a plaintiff's previous sworn statement asserting 'total disability' or the like, the

court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim." *Id.* at 807, 119 S. Ct. at 1604. A similar explanation is required even if the statement made for disability benefits is a legal conclusion rather than specific factual admissions. *Id.* "*Cleveland* teaches that a plaintiff cannot change his story during litigation without a sufficient explanation for his inconsistent assertions." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 269 (5th Cir. 2001). "[T]o survive summary judgment, [this] explanation must be sufficient for a reasonable juror to conclude that, assuming [the plaintiff's] good-faith belief in her statement *on her benefits application*, she nevertheless could perform the essential functions of the job with or without reasonable accommodation." *Crossley v. CSC Applied Techs., L.L.C.*, 569 Fed. Appx. 196, 200 (5th Cir. 2014) (per curiam) (citing *Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604) (emphasis in original).

In *Cleveland*, the Court found sufficient the explanation given by the plaintiff that the statements made for Social Security Disability benefits were made in a different forum that did not consider reasonable workplace accommodations and that the statements were accurate at the time they were made. *Id.* In applying the holding from *Cleveland*, the Fifth Circuit has found that the timing of the statement alleging the plaintiff's total disability did not matter. *Reed v. Petroleum Helicopters, Inc.*, 218 F.3d 477, 480 (5th Cir. 2000) (per curiam). In *Reed*, the fact that the employee applied for total disability benefits after her termination did not provide sufficient explanation for the inconsistency of her claim, nor was the inference that she was able to function in her job allowable because her physician reported less than two weeks after her termination that she was unable to work. *Id.*

In the case at hand, it is undisputed that Chambers applied for disability benefits with her insurance company.  It is also undisputed that, on October 14, 2011, Chambers' physician, Dr. William C. Porter, submitted a disability claim form on her behalf stating that she was temporarily totally disabled and listed her date of recovery was listed as "unknown."  Chambers admitted to reviewing this form before sending it to her insurer as part of her application for disability benefits.  The EEOC has pointed out that Porter, in his deposition, has testified that Chambers was able to return to work prior to her termination, but has offered no explanation for the discrepancy between this testimony and Porter's statements on Chambers disability claim form.  Absent an explicit explanation, the Court cannot assume one exists that can resolve the apparent contradiction.  *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 792 (7th Cir. 1999).  The EEOC argues that a person may be totally disabled  and still be a qualified individual under the ADA, citing *Cleveland* as support.  This argument is true, as the Supreme Court said as much in *Cleveland*.  526 U.S. at 805, 119 S. Ct. at 1603.  However, a sufficient explanation as to why a total disability claim can coexist with a claim that an individual is qualified within the meaning of the ADA is required.  *Id.* at 806, 119 S. Ct. at 1603.  The only explanation that the EEOC offers is the fact that Chambers applied for total disability benefits after her termination on October 12.  The Fifth Circuit rejected the sufficiency of this explanation in *Reed*, and this Court now rejects the sufficiency it in the case at hand.  *See* 218 F.3d at 480.

The EEOC has the burden of producing a sufficient explanation under *Cleveland* for the discrepancy between a total disability benefits claim and the assertion that Chambers was qualified for her job.  *See* 526 U.S. at 806, 119 S. Ct. at 1603.  Despite

-8-

the arguments advanced by the EEOC that Chambers was able to perform her essential job functions, absent a sufficient explanation for the contradicting statements provided on her total disability benefits claim form by her physician, statements Chambers approved by sending them to her insurer, the EEOC has not met its burden of proving Chambers was a qualified individual under the ADA. *See Crossley*, 569 Fed. Appx. at 200 (citing *Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604). As the EEOC bears the burden of production, it must come forward with specific facts, namely a sufficient explanation, showing that there is a genuine issue for trial in order to survive summary judgment. *See Cuadra*, 626 F.3d at 812. Because the EEOC has failed to do so, VHL is entitled to summary judgment on both the EEOC's failure to accommodate and discriminatory termination claims.

## **CONCLUSION**

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Motion to Strike [116] is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Summary Judgment [105] is granted.

SO ORDERED AND ADJUDGED this the 27th day of August, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE