IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3-13-CV-895-KS-MTP

VICKSBURG HEALTHCARE, LLC,
D/B/A RIVER REGION MEDICAL CENTER                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *In Limine* Regarding Chambers' Alleged May 2011 FMLA Request ("Motion to Exclude FMLA Request") [138], Motion *In Limine* to Exclude Hearsay Testimony Regarding Ron Ella ("Motion to Exclude Hearsay") [139], and Motion *In Limine* to Exclude Any Testimony or Evidence Regarding the Determination of the EEOC ("Motion to Exclude Determination") [140] filed by Defendant Vicksburg Healthcare, LLC ("Defendant"), as well as the Motion *In Limine* [141] filed by the Equal Employment Opportunity Commission (the "EEOC").  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. Defendant's Motion to Exclude FMLA Request [138] is not well taken and should be denied;

2. Defendant's Motion to Exclude Hearsay [139] is well taken and should be granted;

3. Defendant's Motion to Exclude Determination [140] should be denied as moot; and

4. the EEOC's Motion *In Limine* [141] should be granted in part and denied in part.

## I.  DISCUSSION

A.     Defendant's Motion to Exclude FMLA Request [138]

Defendant asks that the Court exclude from evidence the fact that Beatrice Chambers, on whose behalf the EEOC brings this suit, requested and was denied leave under the Family and Medical Leave Act ("FMLA") in May 2011, as there are no FMLA claims and such a request is not relevant under Federal Rule of Evidence 401 and poses the risk of unfair prejudice and jury confusion under F.R.E. 403.

The EEOC argues that, while Chambers requested leave, she never specifically testified that she requested leave under the FMLA.  The fact that she requested leave and was immediately denied is relevant, they contend, to two aspects of their case.  First, it argues that it is relevant to whether lifting and pushing heavier weights was an essential function of her job, as she was allowed to work after being denied leave with a compromised shoulder.  Second, it contends that the immediate denial of leave tends to support the discriminatory animus at issue in this case and supports a pattern of similar conduct by Chambers' supervisor.  The Court agrees that this request for leave and its subsequent denial are relevant to these two points of the EEOC's case, and turns then to Defendant's contention that it should be excluded regardless under F.R.E. 403.

Defendant bases its arguments under F.R.E. 403 largely on the fact that it believes Chambers' request for leave was done under the FMLA and states that it will confuse the issues that are properly before the jury.  As the EEOC points out, Chambers never stated that she made a leave request under the FMLA specifically in May 2011, only that she requested leave.  Even if this leave was requested under the FMLA, the risk of confusion and prejudice is minimal, as the jury will be well instructed on which issues are before it decide, while the request and denial is substantially probative on two of the key issues in the EEOC's case.  Therefore, exclusion under

F.R.E. 403, which requires that the risk of prejudice or confusion *substantially* outweigh the probative value, is not appropriate.

Because the Court finds that the request for leave and its denial is relevant under F.R.E. 401 and that its relevancy is not substantially outweighed by risk of prejudice or confusion under F.R.E. 403, the Motion to Exclude FMLA Request [138] will be **denied**.

### B. Defendant's Motion to Exclude Hearsay [139]

Defendant asks the Court to exclude as hearsay any statements Ron Ella allegedly made to Chambers as to the reasons Defendant fired him.  (*See* Chambers' Depo. [139-1] at p. 84:21-24.) These statements, as testified to in Chambers' deposition, are out-of-court statements made by a declarant, Ron Ella, and offered for the truth of the matter.  *See* Fed. R. Evid. 801.  The EEOC has not responded to this motion to argue that any exclusion or exception applies to these statements. As such, the Court finds that they should properly be excluded as hearsay under F.R.E. 801 and will **grant** Defendant's Motion to Exclude hearsay [139].

### C. Defendant's Motion to Exclude Determination [140]

Parties have reached an agreement as to Defendant's Motion to Exclude Determination [140] and request that the Court deny the motion as moot.  Accordingly, the motion will be **denied as moot**.

### D. The EEOC's Motion *In Limine* [141]

#### 1. Matters agreed to by both parties

Defendant agrees that the following evidence should be excluded, provided that it applies to both parties in equal force:

    a. testimony and evidence concerning a prior bankruptcy filing by Chambers;

      b.      any mention of or reference to statutorily imposed caps on compensatory or punitive damages;

      c.      statements regarding the EEOC's attorneys;

      d.      references to any rulings by the Court or any motions made by the EEOC;

      e.      statements that the jury should by its verdict "send a message" to the EEOC or the federal government or consider similar improper factors; and

      f.      evidence of argument that a judgement against Defendant would cause financial harm to River Region or its patients.

Because of this agreement, the Court will **grant** the EEOC's Motion *In Limine* [141] with respect to these issues.

### 2. Chambers' application for and receipt of Social Security retirement benefits and unemployment benefits after her termination

The EEOC argues that the collateral source rule bars any evidence that Chambers received compensation through Social Security retirement benefits and/or unemployment benefits after her termination, contending that this evidence would be introduced in order to reduce the amount of damages owed by Defendant. Defendant makes two arguments against the exclusion of Chambers' application and receipt of such benefits. First, it argues that the district court has the discretion to reduce employment discrimination awards by amounts received from collateral sources. Second, it argues that, even if the collateral source rule bars such evidence with respect to damages, the evidence is admissible for other purposes.

First, though the Court may have discretion to reduce any jury award by the amounts received from these benefits, this discretion belongs to the Court and not the jury. As such, any submission of these benefits to the jury for the purpose of reducing damages would be improper.

Second, Defendant is correct that Chambers' application for these benefits could properly be used for purposes other than offsetting damages. While Defendant does not specifically argue the relevancy of the benefits themselves, and the Court consequently does not find them relevant under F.R.E. 401, it does make out a case for the relevancy of her application. The statements contained in her application for benefits are relevant as permissible impeachment evidence. Furthermore, the fact that she applied for retirement benefits could be relevant to any determination that need be made regarding front-pay. Therefore, while the Court does not find that the receipt of benefits is relevant, Chambers' applications for those benefits are relevant under F.R.E. 401 and should not be excluded.

The Court further does not find that potential prejudice caused by admission of the applications for benefits would substantially outweigh their probative value as to qualify for exclusion under F.R.E. 403. While the EEOC rightly argues that the introduction of the benefits themselves might be unfairly prejudicial, it makes no argument as to the applications themselves. Therefore, the Motion *In Limine* [141] will be **granted** with respect to Chambers' receipt of retirement and unemployment benefits and will be **denied** with respect to her application for such benefits.

### 3. Evidence and comment concerning Chambers' receipt of disability benefits from a private insurance company

The EEOC's and Defendants' arguments for and against the exclusion of this evidence is nearly identical to their arguments for the exclusion of Chambers' application and receipt of retirement and unemployment benefits. For the same reasons as state above, *see supra* Part II.D.2, the Court will **grant** the motion with respect to the receipt of these disability benefits but will **deny** it with respect to the application for such benefits, as the statements Chambers made on this application are proper impeachment evidence.

### 4. Chambers' communications with EEOC attorneys

The EEOC requests that all communications between it and Chambers be excluded as protected under the attorney-client privilege. Defendant's oppose this portion of the EEOC's motion as overbroad because it encompasses all communications between the EEOC and Chambers, some of which, it argues, may not be subject to the attorney-client privilege. Without any specific communication between Chambers and the EEOC before the Court, it is impossible to determine whether it would fall under attorney-client privilege, as there are specific requirements under Fifth Circuit precedent that must be met before the privilege applies. *See United States v. El Paso Co.*, 682 F.2d 530, 538 n.9 (5th Cir. 1982). As such, the Court feels that it would be more appropriate to rule on any such communications in the context of trial should the they arise. The Motion *In Limine* [141] will therefore be **denied** as to this issue.

### 5. Testimony and evidence concerning the EEOC's investigation preceding this suit

Under this portion of its Motion *In Limine* [141], the EEOC seeks to exclude any challenge to the adequacy of its investigation in this matter and the sufficiency of the evidence that resulted in its reasonable cause determination. This type of challenge, it argues, is not relevant under F.R.E. 401 as the current action is *de novo*. Defendant misunderstands this request as seeking to exclude documents or evidence uncovered during the EEOC's investigation, such as Chambers' statements to EEOC investigators. From the Court's reading of the EEOC's motion, this is not what it seeks to have excluded. Instead, the EEOC seeks to preclude Defendant from arguing that its investigation prior to bringing this suit was inadequate and that the suit itself should never have been brought based on the information the EEOC had. Because such a challenge is not relevant under F.R.E. 401, the Court will **grant** the EEOC's Motion *In Limine* [141] with respect to this

issue. Both parties should note that this is not a ruling on the admissibility or inadmissibility of any evidence or information the EEOC uncovered during its investigation.

### 6. References to discovery in this case, including discovery disputes, and information supposedly not provided by the EEOC to Defendant

The EEOC asks the Court to preclude Defendant from making any argument that it did not adequately respond to discovery requests. Defendant misreads the motion and argues in response that answers to interrogatories are admissible evidence. The Court does not find that any discovery issue, including unanswered discovery requests, inadequate answers, or any other type of dispute, is relevant to the issues before the jury. As such, the Motion *In Limine* [141] will be **granted** with respect to this issue.

### 7. Evidence or argument concerning injuries, diseases, conditions, or illnesses of Chambers prior to her disability resulting from a torn rotator cuff in 2011

The EEOC argues that any evidence referring to Chambers' prior injuries, diseases, conditions, or illness should be excluded as not relevant to the current action under F.R.E. 401. Defendant contends, though, that the requests and grants of leave for Chambers' past conditions are relevant to demonstrate its policies and procedures had worked for Chambers in the past and that she was aware of how they operated. These seem to the Court to be essentially an argument that this evidence shows that Defendant was non-discriminatory in the past so as to show that it was non-discriminatory in this instance, making the evidence dangerously close to inadmissible character evidence purporting to show that Defendant has a reputation for being non-discriminatory and acted in according with that reputation. *See* Fed. R. Evid. 404.

Even if the Court were to find that evidence of Chambers' prior conditions was relevant evidence not subject to exclusion under F.R.E. 404, the Court would still exclude it under F.R.E. 403. The danger of Chambers being labeled a sickly and injury-prone person, which could unfairly

prejudice the jury against her, substantially outweighs the probative value of Chambers' knowledge of Defendant's policies and procedures, a fact not in dispute.  Therefore, the Motion *In Limine* [141] will be **granted** as to this issue.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion to Exclude FMLA Request [138] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion to Exclude Hearsay [139] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion to Exclude Determination [140] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that the EEOC's Motion *In Limine* [141] is **granted in part** and **denied in part** as outlined above.

SO ORDERED AND ADJUDGED, on this, the   18th   day of January, 2017.

                          s/Keith Starrett
                         KEITH STARRETT
                         UNITED STATES DISTRICT JUDGE