## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) VICKSBURG HEALTHCARE, LLC d/b/a ) RIVER REGION MEDICAL CENTER ) ) Defendant. ) | Civil Action No. 3:13-cv-895-KS-MTP |

## CONSENT DECREE

### I. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") brought this action against Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center (hereinafter referred to as "Vicksburg Healthcare") under Title I of the Americans with Disabilities Act of 1990 ("ADA") *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and Title 1 of the Civil Rights Act of 1991. The EEOC alleges Defendant denied Beatrice Chambers (hereinafter referred to as "Charging Party") a reasonable accommodation and then fired her because of her disability. Defendant denies it discriminated against Charging Party or violated the ADA or ADAAA.

A. This Consent Decree is entered into by the EEOC and Defendant. This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, and agents, and successors or assigns (hereinafter collectively referred to as "Defendant").

B.  This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the Americans with Disabilities Act. This Consent Decree does not affect any administrative charges pending with the EEOC, other than Charge of Discrimination underlying this lawsuit (Chambers v. Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center, 423-2012-01032), or any cases currently pending in court other than the instant lawsuit, *EEOC v. Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center*, Civil Action No., 3:13-cv-00895-KS-MTP.

## II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

C.  This Court has jurisdiction over the parties and the subject matter of this action.

D.  The terms of this Consent Decree are and shall be binding upon Defendant, as defined in Section I(A) above, and not persons in their individual capacities. Defendant Vicksburg Healthcare also agrees to put any successors in interest to Defendant Vicksburg Healthcare on notice of the existence of the Consent Decree. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Consent Decree.

E.  This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 3:13-cv-00895-KS-MTP.

F.  This Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi and shall continue to be in effect for a period of one (1) year

2

from the date of entry of this Consent Decree. Any modification of this Consent Decree by any party must be made by motion to the Court.

G. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

H. This Consent Decree shall apply to Defendant only. The parties acknowledge that Community Health Systems, Inc. is no longer a party Defendant.

I. Defendant, as defined in Section I(A) above, shall comply fully with all provisions of the Consent Decree and the ADAAA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant Vicksburg Healthcare under the ADAAA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant Vicksburg Healthcare in the future.

## III. RELIEF TO THE CHARGING PARTY

J. Defendant shall pay monetary relief in the gross amount of $100,000 to Beatrice Chambers for back pay and compensatory damages. This amount shall be paid in full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by the Charging Party (No. 423-2012-01032), and raised in the EEOC's Complaint. This amount shall be allocated and paid as follows: Within ten (10) calendar days of entry of this Consent Decree, payment shall be made by check in the amount of $50,000, less required deductions and withholdings, for back pay, for which a W-2 shall be issued; and by check in the amount of $50,000 for compensatory damages for which a Form 1099 shall be issued. Both checks shall be made payable to Beatrice Chambers and mailed to the address provided by the EEOC.

3

Defendant will issue to Ms. Chambers applicable United States Internal Revenue Service forms no later than March 15, 2018.

Defendant shall mail a photocopy of each check to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time each check is sent to Ms. Chambers.

## IV. GENERAL INJUNCTIVE RELIEF

K. Within one hundred and twenty (120) calendar days after this Consent Decree is approved by the Court, Defendant Vicksburg Healthcare shall review its comprehensive policies and procedures to ensure that employees are not subject to discrimination made unlawful by the ADAAA. At a minimum, the policies and procedures shall contain and provide for the following:

(1) a requirement that Defendant's upper-level management and human resources employees be trained on the requirements of the ADAAA;

(2) notice to employee and applicants (via the policies and procedures, and a poster displayed in a public area of each Defendant Vicksburg Healthcare's facilities) of their rights under the ADAAA, including their right to a reasonable accommodation;

(3) written notice to employees in a document provided to them in conjunction with medical or disability leave taken for a condition lasting seven (7) or more days, of their rights under the ADAAA, including their right to a reasonable accommodation;

(4) a provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers and human resources employees who violate the ADAAA, this Consent Decree, and Defendant Vicksburg Healthcare's ADAAA policies and procedures;

(5) a process for employees to seek a reasonable accommodation under the ADAAA;

4

(6) a process for employees to report complaints of ADAAA-related discrimination and retaliation;

(7) a system for ensuring the dissemination to all Defendant Vicksburg Healthcare employees of a copy of Defendant Vicksburg Healthcare's ADAAA policy and procedures;

(8) an assurance of non-retaliation for persons who wish to request a reasonable accommodation or report that they have been discriminated against or witnessed discrimination in violation of the ADAAA; and

(9) a process for conducting reasonable accommodations determinations and maintaining records reflecting that process.

L. Defendant shall promptly and appropriately investigate all complaints of discrimination and retaliation under the ADAA. The investigation of all such complaints shall be documented.

M. Within one hundred twenty (120) calendar days after this Consent Decree is entered by the Court, Defendant Vicksburg Healthcare shall train all upper-level management and human resources employees on the ADAAA, Defendant Vicksburg Healthcare's ADAAA policies and procedures, and relevant federal law. The training shall cover all aspects of the ADAAA including, but not limited to, the legal requirements of the ADAAA, prohibition against discrimination and disparate treatment of employees with actual or perceived disabilities, the definition and examples of a reasonable accommodation under the ADA, the interactive process as it relates to a request for a reasonable accommodation, resources for determining and identifying reasonable accommodations, procedures for providing reasonable accommodations to individuals with disabilities, prohibition against retaliation and coercion against employees who engage in activity protected by the ADAAA, and Defendant Vicksburg Healthcare's internal

ADAAA policy and procedures. All newly hired employees in upper-level management and human resources positions who are hired during the one-year term of this Consent Decree shall be required to complete this training within one hundred twenty (120) days of their start date.

N. The ADAAA training sessions shall last two hours, and Defendant Vicksburg Healthcare shall generate a registry containing names of all persons in attendance. Each registry shall be retained by Defendant Vicksburg Healthcare for the duration of the Consent Decree.

O. The training sessions shall be delivered in accord with an outline prepared at least one-week in advance of the training. The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within 30 days after each training session.

## V. POSTING OF NOTICE

P. Defendant Vicksburg Healthcare will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, pursuant to Section IV, K., (2).

Q. Within one-hundred eighty (180) calendar days after entry of this Consent Decree, Defendant Vicksburg Healthcare shall post 8½-inch-by-11-inch sized copies of a notice in the form of "Appendix A" attached to this Consent Decree on all bulletin boards usually used by Defendant Vicksburg Healthcare for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree and at every location employee bulletins are posted and in the Human Resource office where applications are accepted. Defendant Vicksburg Healthcare will additionally provide a copy of the notice to all third-party

6

recruiters or staffing agencies with whom Defendant Vicksburg Healthcare contracts for labor and staffing services.

## VI. REPORTING

R.  During the term of the Consent Decree, Defendant will provide the Birmingham District Office Regional Attorney a report on the training conducted under Section IV. of this Consent Decree. Defendant will also maintain the following records during the period of this Consent Decree:

   (1)  ADAAA policies and procedures;

   (2)  Requests for Accommodations and responses thereto;

   (3)  All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of the ADAAA, including involving allegations related to discrimination or the request for or denial of a reasonable accommodation;

   (4)  All materials used in training; and

   (5)  Attendance lists for all training.

## VII. DISPUTE RESOLUTION

S.  In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fourteen (14) calendar days of discovery of the alleged non-compliance and shall afford the alleged non-complying party thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied

7

within ninety (90) calendar days, the complaining party may apply to the Court for appropriate relief.

## VIII. COSTS AND ATTORNEY FEES

T.      Each party shall bear its own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## IX. DURATION OF CONSENT DECREE

U.      The duration of the Consent Decree shall be one (1) year from its entry by the Court. The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant or the EEOC may petition this Court for compliance with the Consent Decree. Should the Court determine that the Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

At the end of one (1) year from the date of entry of this Consent Decree, both parties will confer with this Court to determine whether Defendant has complied with all terms of this Consent Decree. Should the Court determine the Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, will be ordered. Should the Court determine the Defendant has complied with this Consent Decree, the Court shall enter an Order terminating this action.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

IT IS SO ORDERED THIS THE __12th__ day of September , 2017.

                                                     s/Keith Starrett
                                           UNITED STATES DISTRICT JUDGE

For **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street NE
Washington, D.C. 20507

*[signature]*

MARSHA RUCKER, Regional Attorney
Harriett Oppenheim
Christopher Woolley
Gerald Miller

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South Suite 2000.
Birmingham, Alabama 35205
Phone: (205) 212-2045
Fax: (205) 212-2041
Email: marsha.rucker@eeoc.gov; harriett.oppenheim@eeoc.gov; gerald.miller@eeoc.gov; christopher.woolley@eeoc.gov

For VICKSBURG HEALTHCARE, LLC D/B/A RIVER REGION MEDICAL CENTER

_____
Alphe Wells, Human Resources Director
As Corporate Representative of Defendant, Vicksburg Healthcare, LLC d/b/a River Region Medical Center

_____
Mary Clay Morgan (MSB #101181)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, Mississippi 39201
Emails: mmorgan@bradley.com

## APPENDIX A - N O T I C E

## STATEMENT OF EEO POLICY

It is the policy of Vicksburg Healthcare, LLC d/b/a River Region Medical Center to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. There will be no discrimination in violation of the provisions of Title I of the Americans with Disabilities Act (ADA) of 1990, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; Title VII of the Civil Rights Act of 1964, (Title VII), as amended; the Equal Pay Act (EPA) of 1963; or, the Genetic Information Nondiscrimination Act (GINA) of 2008.

Title I of the Americans with Disabilities Act of 1990, as amended, prohibits discrimination against qualified individuals with disabilities in all employment practices, including in hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. In particular, the ADA requires employers to make reasonable accommodations for an employee's known disability, if doing so would not cause the employer an undue hardship. We wish to emphasize that it is Vicksburg Healthcare, LLC d/b/a River Region Medical Center's fundamental policy to comply with the ADA, and to provide equal opportunity for disabled employees. All employees shall feel free to exercise their rights under this policy.

Vicksburg Healthcare, LLC d/b/a River Region Medical Center will not retaliate against employees who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the Equal Employment Opportunity Commission. The EEOC is an agency of the U.S. government that enforces federal civil rights laws in the workplace, including the ADA. EEOC charges no fees and has employees who speak languages other than English.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, Mississippi 39269
(601) 948-8466

## DO NOT REMOVE THIS NOTICE!

This notice is posted at the request of the U.S. Equal Employment Opportunity Commission. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.